UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                                                              NO. 3:20-CR-18-CRS

MARCELIUS STEPHENSON                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Marcelius Stephenson, for expedited review of the March 30, 2020 Order of the United States Magistrate Judge (DN 49) declining Stephenson's motion for immediate release from custody (DN 40) and emergency motion for a telephonic hearing (DN 42).

We have conducted a de novo review of the magistrate judge's decision and will address the arguments made in opposition to his conclusions.[1] We will decline the defendant's request for a hearing on his motion.[2]

Stephenson was arrested and indicted for possession with intent to distribute a controlled substance, conspiracy to possess with intent to distribute a controlled substance, and possession of a firearm by a convicted felon. After conducting a hearing and considering the factors set forth in 18 U.S.C. § 3142(g), the magistrate judge concluded that the United States had proven

---

[1] We find the magistrate judge's Order to be concise, thorough, and well-reasoned. The defendant makes only limited arguments in his motion for expedited review before this judge. We have therefore limited this Order to the particular points raised by Stephenson in his request for review.
[2] *See United States v. Hearns*, No. 1:20-CR-110, 2020 WL 1493747, *3 (N.D.Ohio March 27, 2020)("[W]hile the Bail Reform Act is silent about whether a defendant is entitled to an in-court hearing on an appeal of a detention order, there is ample authority for the conclusion that the Court may decide the motion on the filings (including proffers offered by counsel) as opposed to a hearing.")

by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and ordered Stephenson detained. Specifically, the magistrate judge delineated the reasons for detention to include:

- Weight of the evidence against the defendant is strong;
- Prior criminal history;
- Participation in criminal activity while on probation, parole, or supervision;
- History of violence or use of weapons;
- History of alcohol or substance abuse

Stephenson did not challenge the initial detention determination. He does not presently challenge the magistrate judge's assessment of dangerousness in seeking immediate release. Instead, he contends that, in light of the current COVID-19 pandemic, "the calculus" for considering pretrial detainees for release has changed and, in this case, favors Stephenson's release to home incarceration pending trial.

The information provided by counsel concerning the nature and extent of the viral outbreak and concerns for the future health of the nation's incarcerated populations clearly constitutes "information that was not known" to Stephenson at the time of his detention hearing. This information was therefore properly assessed by the magistrate judge under § 3142(f) which allows for the reopening of a detention hearing where such information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." [3]

---

[3] Risk of flight was not and is not now in issue.

While the global pandemic has added a new dimension to the overall evaluation judicial officers must make with respect to detention decisions, the court concludes, as did the magistrate judge, that these concerns about confinement do not materially bear on the determination of dangerousness. The magistrate judge's findings addressing the nature and seriousness of the offenses charged and the weight of the evidence supporting those charges are unaffected by pandemic concerns. The findings concerning Stephenson's prior criminal history including a history of violence, use of weapons, and criminal activity while on probation, parole, or supervision similarly stand as originally determined.

Section 3142(g)(3) requires that consideration of the history and characteristics of the person include, in pertinent part, the physical and mental condition of the defendant as well as community ties and financial and residential resources. As noted by the magistrate judge, Stephenson has not urged that he has a chronic medical condition identified by the Centers for Disease Control and Prevention ("CDC") which would place him at a heightened risk for serious illness from the COVID-19 virus. Stephenson's physical and mental health were considered in the initial detention determination, and no changes have been identified.[4]

We further note that Stephenson discusses only the living conditions wrought by the pandemic concerning his continued detention; he does not address living conditions were he to be released. While he quotes Attorney General Barr as stating "We are now in the process of trying to expand home confinement as part of trying to control the spread of this infection," Stephenson cites not a single specific fact concerning his present financial and residential resources to support his request for release to "home detention pending the end of the pandemic

---

[4] We note that the issue of the psychological effects of isolation of incarcerated individuals and the fear of possible illness has been raised in other cases. That argument was not raised by this defendant in his original motion (DN 40) nor in the motion for expedited review (DN 53).

crisis." DN 53, p. 3. There has thus been nothing offered to alter the findings concerning Stephenson's history and characteristics.

Section 3142(g)(4) requires that the judicial officer consider the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In the original detention order, the magistrate judge noted that "danger to the community includes the danger of [Stephenson] committing additional offenses if released." We again note that Stephenson has not offered any specifics concerning his requested release beyond the statement that he seeks "home incarceration." Stephenson's motion does not call into question the original evaluation of the nature and seriousness of the danger posed by his release.

For these reasons, we conclude that the new information provided by Stephenson does not have a material bearing on the issue whether there are conditions of release that will reasonably assure the safety of any other person and the community. The court notes that in reaching this conclusion it has also reviewed the updated COVID-19 information which Stephenson has provided in his motion for expedited review. The magistrate judge correctly declined to reopen the detention hearing under § 3142(f)(2) and denied the emergency motion for telephonic hearing.

Stephenson has also argued for release pursuant to § 3142(i) which provides, in pertinent part, that a judicial officer "may, by subsequent order, permit the temporary release of a person…to the extent the judicial officer determines such release to be necessary,,,for [a] compelling reason." Stephenson argues that "liberty is the norm," suggesting that this court consider the "total harm and benefit to prisoner and society" that Stephenson's continued detention "will yield, relative to the heightened health risk posed to Mr. Stephenson during this rapidly encroaching pandemic." DN 40. p. 5. Stephenson reiterates in motion for expedited

review that the virus "will go through the prisons like wildfire, due to the close quarters necessary in the facilities, coupled with the spread through asymptomatic carriers." DN 53, p. 2. No one can be certain of the course this pandemic will take in the coming days or provide certainty that this dire prediction will not come to fruition. However, the articulation of generalized concerns for the safety of those individuals held in custody does not establish a compelling reason for Stephenson's release.

In order to find a "compelling reason" to temporarily release Stephenson under § 3142(i), the judicial officer must make a particularized finding of necessity. Stephenson noted as much when he stated that "a 'case-by-case' approach is required at any stage of the case in assessing the propriety of pretrial detention." *Id.*

With respect to the specific concern that Stephenson is facing the potential for infection with the COVID-19 virus in the Oldham County Detention Center, the magistrate judge noted particular steps implemented to counter the emergence of the virus there (there are no reported cases in that facility as of the date of this writing) and to contain any spread within the facility. *See* DN 49, p. 4. We note that the steps taken by Oldham County Detention Center have, so far, been effective in protecting their population. Further, Stephenson does not have a chronic condition that leaves him more vulnerable to serious illness from the COVID-19 virus than other detainees. Stephenson has failed to establish a compelling reason why he should be immediately released. We will affirm the magistrate judge's denial of release under his § 3142(i) authority.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Marcelius Stephenson, for expedited review of the magistrate judge's detention decision (DN 53) is

**GRANTED**, the request for a hearing is **DENIED,** and the Order of the United States Magistrate Judge denying the motion of Marcelius Stephenson for immediate release (DN 49) is **AFFIRMED.**

April 7, 2020

**Charles R. Simpson III, Senior Judge
United States District Court**

**IT IS SO ORDERED.**