**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:20-CR-00018-BJB-1**

**UNITED STATES OF AMERICA,**                                                         **Plaintiff,**

**v.**

**MARCELIUS STEPHENSON,**                                                    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court are four motions filed by Defendant Marcelius Stephenson ("Stephenson"): (1) a motion to strike surplusage (DN 96), (2) a motion for bill of particulars (DN 97), (3) a motion for severance from co-defendants (DN 98), and (4) a motion for disclosure of informants (DN 102). The United States has filed responses to all four motions (DNs 111, 112, 113, 119), and Stephenson has either filed a reply or his time to do so has expired (DN 139). District Judge Benjamin J. Beaton referred these motions to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and empowered the undersigned to "conduct any hearings necessary to address and resolve the[ ] motions." (DN 158.) The Parties represented in a joint status report that none of the motions presently before the Court require an evidentiary hearing. (DN 157.) The Court directed Stephenson to file the search warrant(s) and supporting affidavit(s) discussed in his motion for disclosure of informants for the Court's consideration, and Stephenson has done so.[1] (DNs 178, 180-1, 180-2.) Accordingly, these motions are ripe for review.

**I.**     **BACKGROUND**

Stephenson and two others were originally indicted in an eight-count indictment on February 4, 2020. (DN 16.) On October 6, 2020, Stephenson was charged in five counts of a nine-

---

[1] Stephenson also filed a motion for leave to seal the search warrants (DN 179), which the Court will address separately.

count superseding indictment with conspiracy to possess with intent to distribute controlled substances, possession with intent to distribute controlled substances resulting in death, possession with intent to distribute controlled substances, possession of a firearm by a prohibited person, and possession of a firearm in furtherance of a drug trafficking crime. (DN 75.) Count one of the superseding indictment, which is the subject of two of Stephenson's instant motions, alleged:

> Beginning in or about September 2019 and continuing until at least January 21, 2020, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, [ ] Stephenson . . . conspired with others, known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and distributed a mixture and substance containing a detectable amount of fentanyl, . . . a Schedule II controlled substance, and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, as defined in Title 21, United States Code, Section 812.

(*Id.* at PageID # 290.) Count two, also the subject of two of Stephenson's instant motions, alleged:

> On or about September 5, 2019, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, [ ] Stephenson . . . aided and abetted by each other and others, known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute and distributed a mixture and substance containing a detectable amount of fentanyl, . . . a Schedule II controlled substance, and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, as defined in Title 21, United States Code, Section 812 and the use of such substances resulted in the overdose death of another person, C.M.

(*Id.* at 291.)

## II. ANALYSIS

### A. Motion to Strike Surplusage (DN 96)[2]

Stephenson moved to strike as surplusage certain language from count one of the superseding indictment. (DN 96.) Stephenson contended that the phrase "at least" in the opening

---

[2] While there is no controlling Sixth Circuit authority on point, a number of district courts have considered a motion to strike surplusage to be a non-dispositive motion. *See, e.g.*, *United States v. Daugherty*, No. 5:16-CR-22-DCR-REW, 2017 WL 781048, at *5 n.4 (E.D. Ky. Feb. 28, 2017); *United States v. Sikma*, No. 2:05-CR-40, 2006 WL 47666, at *2 (N.D. Ind. Jan. 9, 2006); *United States v. Parker*, 165 F. Supp. 2d 431, 439 n.1 (W.D.N.Y. 2001) (citing *United States v. King*, No. 98-CR-91A, 2000 WL 362026, at *2 n.1 (W.D.N.Y. Mar. 24, 2000)).

phrase of count one is irrelevant, immaterial, and prejudicial because it "implies that the conspiracy continued beyond Stephenson's arrest on January 21, 2020." (*Id.* at PageID # 476.) The United States filed a response in opposition arguing that the language should not be stricken because it is what the United States hopes to prove at trial. (DN 111.) In particular, the United States asserted that the time period of the conspiracy is relevant to its case. (*Id.* at PageID # 535.)

Fed. R. Crim. P. 7(c)(1) requires an indictment to contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). "Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). As the Advisory Committee's notes to the provision's enactment explain, this subsection is "a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7(d) advisory committee's note to 1944 adoption. A motion to strike should only be granted where "an indictment contains nonessential allegations that could prejudicially impress the jurors" and "the words stricken are not essential to the charge." *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974). In other words, "[a] motion to strike surplusage should be granted *only* where it is clear that the language is irrelevant *and* prejudicial." *United States v. Neller*, Nos. 97-3630, 97-3631, 97-4051, 97-4053, 99-3252, 2000 WL 1234330, at *2 (6th Cir. Aug. 25, 2000) (table) (*per curiam*) (emphasis added). "The decision whether to strike language from an indictment rests within the sound discretion of the district court." *United States v. Emuegbunam*, 268 F.3d 377, 394 (6th Cir. 2001); *see also United States v. Moss*, 9 F.3d 543, 550 (6th Cir. 1993) (noting that a decision to strike surplusage is reviewed "only for an abuse of discretion"). "[I]f the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is

legally relevant)." *United States v. Thomas*, 875 F.2d 559, 562 (6th Cir. 1989) (quoting *United States v. Climatemp, Inc.,* 482 F. Supp. 376, 391 (N.D. Ill. 1979)). Additionally, motions to strike surplusage are generally disfavored—the Rule 7(d) standard "has been strictly construed against striking surplusage[.]" *Kemper*, 503 F.2d at 329.

Here, while the phrase challenged by Stephenson could convey the prejudicial impression he cited, the language is within the realm of relevant information properly included in the indictment given the charge and the United States' representation that it hopes to prove this information at trial. Information regarding the timing of the conspiracy is relevant to the United States' case and the elements of the crime charged—in particular the element of participation— and the relevancy standard is extremely liberal. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."); *United States v. Colon*, 268 F.3d 367, 375 (6th Cir. 2001) (citing *United States v. Welch,* 97 F.3d 142, 148 (6th Cir. 1996)) ("[T]o establish a drug conspiracy, the government must prove (1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy."); *United States v. Potter*, 927 F.3d 446, 453 (6th Cir. 2019) (noting that whether the elements of a drug conspiracy are "phrased as two elements or three, a conviction . . . requires an agreement to violate the drug laws, the defendant's knowledge of the agreement, and the defendant's decision to voluntarily join (or 'participate in') it"). The language challenged by Stephenson here is distinguishable from other cases where courts have struck surplusage for that reason. *See, e.g.*, *United States v. Johnson*, 256 F. Supp. 3d 755, 761-62 (M.D. Tenn. 2017) (granting motion to strike surplusage regarding uncharged murder from count regarding being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)). However, "the government is not limited solely

to pleading the elements of the offense (with anything falling outside the elements subject to being struck as surplusage)." *United States v. Rich*, Nos. 18-2268, 18-2269, 18-2323, 18-2324, 18-2342, 18-2364, 18-2365, 18-2401, 18-2407, 18-2408, 18-2410, 19-1028, 19-1029, 2021 WL 4144059, at *35 (6th Cir. Sept. 13, 2021).

For these reasons, Stephenson's Motion to Strike Surplusage (DN 96) is **DENIED**.

### B.     Motion for Bill of Particulars (DN 97)[3]

Stephenson moved for a bill of particulars as to five issues regarding the superseding indictment. (DN 97.) As to count one, he requested the identity of the other conspirators or at least those known to the grand jury. (*Id.* at PageID # 479.) As to count two, he requested the names of the others who allegedly aided and abetted him; whether Stephenson, his co-defendants, or the others mentioned allegedly distributed the drugs that resulted in C.M.'s death; whether C.M. ingested the drugs in the Western District of Kentucky or elsewhere and if elsewhere, where and when C.M. ingested the drugs; and which substance caused C.M.'s death. (*Id.* at 479-80.) The United States argued in opposition that Stephenson was not entitled to the information he requested and represented that it planned to seek a second superseding indictment to add a third drug, acetylfentanyl, which is an analog of fentanyl, to the list of substances that caused C.M.'s death. (DN 112.)

A defendant may move the Court to order the government to provide a bill of particulars pursuant to Fed. R. Crim. P. 7(f). Fed. R. Crim. P. 7(f). The decision as to whether to do so is within the discretion of the district court. *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir.

---

[3] While there is no controlling Sixth Circuit authority on point, a number of district courts have considered a motion for a bill of particulars to be a non-dispositive motion. *See, e.g.*, *United States v. Chalhoub*, No. 6:16-CR-23-GFVT-HAI, 2017 WL 11444654, at *3 (E.D. Ky. Dec. 4, 2017), *objections overruled*, 2018 WL 662361 (E.D. Ky. Feb. 1, 2018); *United States v. Phillips*, No. 2:14-CR-76, 2015 WL 13662851, at *1 n.1 (E.D. Tenn. Sept. 25, 2015); *United States v. Hollenbeck*, No. 15-CR-49, 2016 WL 720941, at *1 (W.D.N.Y. Feb. 24, 2016); *United States v. Detling*, No. 1:18-CR-309-LMM-LTW, 2019 WL 2284726, at *1 (N.D. Ga. May 29, 2019); *United States v. Orrock*, No. 216CR00111JADCWH, 2017 WL 6421328, at *1 (D. Nev. Dec. 14, 2017).

2004); *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993). "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citing *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)); *Birmley*, 529 F.2d at 108 (explaining that a bill of particulars informs the defendant "when the indictment itself is too vague, and indefinite for such purposes"). "Thus, the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008). However, the court should not grant a motion for a bill of particulars "merely to aid a defendant in discovery. It is only intended to 'give the defendant . . . that minimum amount of information necessary to permit the defendant to conduct his *own* investigation.' " *United States v. Watkins*, No. 1:06-CR-00048, 2007 WL 1239208, at *1 (W.D. Ky. Apr. 27, 2007) (quoting *United States v. Smith,* 776 F.2d 1104, 1111 (3rd Cir. 1985) (emphasis in original)); *see also Musick*, 291 F. App'x at 724 ("A defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial."). "The relevant inquiry is whether the defendant has enough information about the offense charged to enable him to prepare for trial adequately." *United States v. Jackson*, No. 5:14-CR-00012-TBR, 2015 WL 3970701, at *3 (W.D. Ky. June 30, 2015) (citing *United States v. Graham,* 487 F. Supp. 1317, 1320 (W.D. Ky. 1980)). The Court will address each of Stephenson's specific requests below.

### 1. Requests 1 and 2: Identity of Other Conspirators

The United States asserted that Stephenson is not entitled to the identity of the others alleged to have conspired with him in counts one and two of the superseding indictment. (DN 112,

at PageID # 539.) A wealth of authority supports the United States' position. *See United States v. Rey*, 923 F.2d 1217, 1222-23 (6th Cir. 1991) ("As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators."); *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (citing *Rey,* 923 F.2d at 1222) ("[T]he Government is not required to furnish the name of all other co-conspirators in a bill of particulars."); *United States v. Vassar*, 346 F. App'x 17, 22 (6th Cir. 2009) (quoting *Crayton,* 357 F.3d at 568); *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014) (citing *Crayton*, 357 F.3d at 568). Stephenson provided no support for his request that contradicts these authorities. Here, the superseding indictment contains the elements of the offenses charged and gives sufficient notice to Stephenson of the charges against him. Accordingly, based on the authorities cited above, Stephenson's request for a bill of particulars identifying the other alleged coconspirators as to counts one and two is **DENIED**.

> **2. Requests 3, 4, and 5: Who Distributed the Substance(s), Where the Victim Ingested the Substance(s), and Which Substance(s) Caused the Victim's death**

The United States asserted that Stephenson is not entitled to more specific information regarding who distributed the substance that resulted in C.M.'s death and where C.M. ingested the substance because the same is essentially an impermissible request for wholesale discovery of the United States' evidence. (DN 112, at PageID # 539.) It also asserted that it had already provided over 13,000 pages of discovery to Stephenson, "which will sufficiently allow him to prepare for his case." (*Id.* at 538.) As to which substance caused the victim's death, the United States noted that the indictment stated that the fentanyl and heroin caused C.M.'s death and that the United States planned to seek a second superseding indictment to add acetylfentanyl, also listed on the forensic toxicology report for C.M., as a substance that caused C.M.'s death. (*Id.* at 540.)

7

It is not proper for the defendant to seek to obtain via a bill of particulars "detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375. Given the details provided in the indictment, Stephenson's requested particulars appear to get at just this type of information. This strategy is of particular concern in a conspiracy case because "the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy." *United States v. Hayes*, 884 F.2d 1393 (6th Cir. 1989). A "request for every detail about [a] conspiracy, in fact, can only be characterized as a request for general discovery. Such a request must fail." *United States v. Martin*, No. 86-1663, 1987 WL 38036, at *3 (6th Cir. 1987) (unpublished table disposition).

As to Stephenson's third request, the indictment states that Stephenson and his co-defendants "aided and abetted by each other and others . . . knowingly and intentionally possessed with intent to distribute and distributed" the substances at issue and that "the use of such substances resulted in the overdose death of another person, C.M." (DN 75, at PageID # 291.) From the face of the indictment it is clear that Stephenson along with his co-defendants is charged with possessing with intent to distribute and distributing the substances at issue. Stephenson's motion provides no clear reason why this is insufficient to allow him to prepare a defense, and the Court sees none. As to Stephenson's fourth request specifically, the location where C.M. ingested the substance, the indictment does state that the act occurred "in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere." (DN 75, at PageID # 291.) This is sufficient. *See United States v. Tomes*, No. 3:16-CR-00113-TBR, 2018 WL 616146, at *6 (W.D. Ky. Jan. 29, 2018) ("Although Counts Sixteen through Twenty-One adds 'and elsewhere' to the location, the Superseding Indictment is still adequate to obviate the need for a bill of particulars."). As to Stephenson's fifth request specifically, the indictment does state that at least two substances caused

C.M.'s death. These details and the other details provided in count two are sufficient to allow Stephenson to conduct his own investigation, prepare for trial, and not be unfairly surprised.

For all these reasons, Stephenson's third, fourth, and fifth requests for particular information are **DENIED**.

    **C.**    **Motion for Severance from Co-Defendants (DN 98)[4]**

Stephenson moved to sever his trial from that of his co-defendants pursuant to Fed. R. Crim. P. 14(a) because he is aware that at least one of his co-defendants was interrogated and provided information to law enforcement following his arrest. (DN 98.) Stephenson asserted that the United States "should be precluded from using statements from either of Stephenson's co-defendants in a joint trial unless the declarant(s) of the statements testifies subject to confrontation and cross-examination," citing *Bruton v. United States*, 391 U.S. 123 (1968). (*Id.* at PageID # 483.) In the alternative, he argued that his trial should be severed from a joint trial with his co-defendant(s) "to avoid a fundamentally unfair trial" or any "violation of his right to confront adverse witnesses." (*Id.*) The United States opposed arguing that the motion was premature because the United States has not determined whether it plans to use Stephenson's co-defendant's statements at trial, and even if it does choose to do so, there are alternative methods to remedy the wrong Stephenson identifies. (DN 113.)

While Fed. R. Crim. P. 8(b) permits more than one defendant to be charged in the same indictment or information under certain circumstances, Fed. R. Crim. P. 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial

---

[4] While there is no controlling Sixth Circuit authority on point, a number of district courts have considered a motion to sever to be a non-dispositive motion. *See, e.g.*, *United States v. Martin*, No. 3:07-CR-51, 2008 WL 152900 (E.D. Tenn. Jan. 14, 2008); *United States v. Adams*, No. CIV.A. 6:09-16-S-DCR, 2009 WL 4255528, at *1 (E.D. Ky. Nov. 25, 2009); *United States v. Bibbs*, No. 3:19-CR-151-TAV-DCP, 2021 WL 2383326, at *1 (E.D. Tenn. June 10, 2021); *United States v. Williams*, No. 17-CR-113-PP, 2019 WL 5485540, at *6 (E.D. Wis. Oct. 25, 2019) (collecting cases).

9

appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 8(b), 14(a). There is a general preference in the federal system that persons jointly indicted be tried together. *See, e.g.*, *United States v. Anderson,* 89 F.3d 1306, 1312 (6th Cir. 1996) (quoting *United States v. Phibbs,* 999 F.2d 1053, 1067 (6th Cir. 1993)) ("Persons jointly indicted should, as a general rule, be tried together, for 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.' "); *Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together."). However, where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," a court may properly grant a severance. *Id.* at 539. As the Sixth Circuit has summarized

> Examples of such 'serious risk[s]' include where evidence is admissible against one defendant but not another, where jointly tried defendants have 'markedly different degrees of culpability,' or where exculpatory evidence would be inadmissible in a joint trial. However, there is no test or exclusive list of putative prejudices, as '[t]he risk of prejudice will vary with the facts in each case.' Risk of simple prejudice is insufficient to sever the trials of co-defendants; the prejudice must be 'compelling, specific, and actual[ ]' or 'substantial' or 'undue.'"

*United States v. Martinez*, 432 F. App'x 526, 529 (6th Cir. 2011) (citations omitted) (quoting *Zafiro*, 506 U.S. at 539; *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006); *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006)).

Here, Stephenson generally alleged that the admission of certain potential evidence would violate the Confrontation Clause and *Bruton*. (DN 98, at PageID # 483.) The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant "to be confronted with the witnesses against him." U.S. Const. amend. VI. In *Bruton*, "the Supreme Court held that

10

admission of a co-defendant's confession implicating the non-confessing defendant violated the non-confessing defendant's Sixth Amendment rights to confrontation and cross-examination where the co-defendant did not testify at trial." *Stanford v. Parker*, 266 F.3d 442, 455-56 (6th Cir. 2001) (citing *Bruton*, 391 U.S. at 132).  Where *Bruton* is implicated, severance is only one of the options to protect the non-confessing defendant's Sixth Amendment rights; a court may also exclude the confession or redact the same. *Id.* at 456 (citing *Richardson v. Marsh,* 481 U.S. 200, 209 (1987)).  While both Stephenson and the United States agree that his co-defendants made statements, neither proffered those statements for the Court's consideration or for the Court to determine whether the statements implicated Stephenson as required by *Bruton*.  Additionally, and as cited above, "the United States has not determined yet whether it plans to introduce any of those statements at trial" and could chose "to forgo the introduction of the statements rather than severing the defendants."  (DN 113, at PageID # 543-44.)  In the absence of the statements to consider or more specific representations from the United States or Stephenson regarding the likely use of the statements, the Court finds resolution of this issue to be premature.  Based on its brief, the United States is aware of the potential *Bruton* issue and has given the Court no indication that it will not comply with its requirements.  Accordingly, Stephenson has not met his heavy burden at this stage to show severance is required based on only a potential *Bruton* issue. *See United States v. Coffman*, No. 09-CR-181-KKC, 2010 WL 4102266, at *4 (E.D. Ky. Oct. 5, 2010).

Accordingly, Stephenson's Motion to Sever (DN 98) is **DENIED WITHOUT PREJUDICE** until trial is closer and the United States determines whether it intends to use any statements implicated by *Bruton* at trial.

### D. Motion for Disclosure of Informants (DN 102)[5]

Stephenson moved for an order requiring the pretrial disclosure of the identity of "any informant who was a participant in or witness to any alleged criminal activity charged in the" superseding indictment as well as for "the contents of their communications with law enforcement." (DN 102, at PageID # 498; DN 102-1, at PageID # 502.) In particular, he noted that affidavits in support of search warrants issued as to two different properties mentioned the use of confidential informants in connection with law enforcement's investigation of Stephenson. Though not tendered with his original motion, the Court directed Stephenson to submit those warrants for the Court's review and consideration. (DN 178.) The two search warrants referenced by Stephenson were supported by the same affidavit and contained the following references to three confidential informants. As to confidential informant one, Paragraph 6 of the affidavit provided that law enforcement met with a confidential informant to discuss the "drug-related activities" of the victim in this case and "the drug dealers that the [informant] knew [C.M.] was purchasing narcotics from prior to his death." (DN 180-1, at PageID # 828; DN 180-2, at PageID # 837-38.) The informant told law enforcement that the informant had accompanied C.M. to multiple drug transactions, including to one at an address the affidavit linked to Stephenson. (*Id.*) The informant also told law enforcement that the informant accompanied C.M. to a drug transaction at gas station where he observed C.M. meet with a black male who arrived in a maroon colored Chrysler 300 with Kentucky license plate 500XXX, and the male sold C.M. heroin. (*Id.*) The affidavit linked the Chrysler 300 to Stephenson. (*Id.*) The informant also told law

---

[5] While there is no controlling Sixth Circuit authority on point, a number of district courts have considered a motion for disclosure of informants to be a non-dispositive motion. *See, e.g.*, *United States v. Shaw*, No. 3:08-CR-24-H, 2009 WL 5734690 (W.D. Ky. Nov. 25, 2009), *objections overruled*, 2010 WL 386737 (W.D. Ky. Jan. 25, 2010); *United States v. Wrobel*, No. 12-CR-125W, 2017 WL 3097611, at *14 (W.D.N.Y. July 21, 2017); *United States v. Green*, No. 12-CR-83S, 2016 WL 3610331, at *19 (W.D.N.Y. July 6, 2016); *United States v. Deans*, No. CR07423JMRSRN, 2008 WL 11411885, at *1 (D. Minn. Feb. 15, 2008).

12

enforcement that Stephenson communicated with C.M. on a particular phone number or by e-mail and that C.M. had told the informant that Stephenson sold narcotics out of an address the affidavit linked to Stephenson. (*Id.*)

As to confidential informant two, Paragraph 8 of the affidavit provided that another informant provided information regarding "multiple narcotic targets" residing at an address the affidavit linked to Stephenson being investigated by the Shively Police Department including that "one of the targets sells a lot of heroin out of [an address the affidavit linked to Stephenson], drives a maroon colored Chrysler 300 with Kentucky license plate 500XXX and utilizes [a particular] phone number . . . ." (DN 180-1, at PageID # 828; DN 180-2, at PageID # 838.) The informant also admitted to purchasing heroin from Stephenson at that address. (*Id.*)

As to confidential informant three, Paragraphs 15 and 16 of the affidavit provided that a Louisville Metro Police Detective had used a confidential informant to make a controlled purchase of heroin from Stephenson at a particular address. (DN 180-1, at PageID # 829; DN 180-2, at PageID # 839.) The affidavit also stated that ping data regarding Stephenson's phone corroborated that Stephenson was present at that address at the time of the controlled buy. (*Id.*) The informant told law enforcement that Stephenson "trafficked in heroin, crystal methamphetamine and possible other narcotics" and had bragged that he "was expecting to obtain a large quantity of crystal methamphetamine . . . in a few days." (*Id.*)

Stephenson cited *Roviaro v. United States*, 353 U.S. 53 (1957), and argued that because the three confidential informants mentioned in the search warrants allegedly directly participated in controlled purchases from Stephenson, *Roviaro* mandates that their identities be disclosed to him. (DN 102-1, at PageID # 501.) He also asserted, without providing any supporting details, that disclosure of their identities "is essential to the fair determination of this case and is highly

13

relevant and helpful to the defense." (DN 102, at PageID # 498.) The United States opposed and argued that Stephenson had not met his burden to justify disclosure and had offered nothing more than speculation as to why identification of the informants would be helpful to his defense. (DN 119, at PageID # 584.) The United States also emphasized that it has not determined whether it will call the informants at trial and that it is not required to turn over its witness lists or witness statements prior to trial. (*Id.* at 585.) In reply, Stephenson, for the first time, represented that the identities of the informants are relevant to the officer's good faith and that because one of the informants connected Stephenson "to the dealer known to have sold drugs to the deceased in this case," that informant is a "crucial material witness regarding this connection."[6] (DN 139, at PageID # 657.)

In *Roviaro*, the Supreme Court held that it was reversible error for the district court not to order the government to disclose the identity of a confidential informant who did not testify at trial and "who helped to set up the commission of the crime and who was present at its occurrence." *Roviaro*, 353 U.S. at 61. The Supreme Court emphasized that the informant at issue "was the sole participant, other than the accused, in the transaction charged" and that without him, the defendant had no person to contradict law enforcement's testimony without waiving his constitutional right to take the stand in his own defense. *Id.* at 63-65. The Supreme Court recognized that generally

---

[6] The remainder of Stephenson's reply is largely focused on arguing that the United States' response suggested that it is "refusing to provide [ ] Stephenson with Rule 16 and exculpatory *Brady* material by hiding behind the *Jencks* Act, as pretext to delay, or in this case, [to] fail to comply with its *Brady* obligation." (DN 139, at PageID # 657.) This argument is easily disposed of as the Court reads nothing in the United States response to suggest that it is unaware of or will fail to abide by its obligations under *Brady*. The Court previously denied Stephenson's motion to timely disclose *Brady* material (DN 130) noting that the same was "unripe, in light of the lack of a specific objection or alleged disclosure violation, and also moot in light of the Government's representations that it has and will continue to satisfy all applicable disclosure obligations." (DN 149, at PageID # 691-92.) Stephenson's reply offers nothing to change this calculus. Further, he admitted that his argument about the intersection of the United States' *Brady* obligations and the requirements of the *Jencks* Act is contrary to binding Sixth Circuit precedent. (DN 139, at PageID # 657 (citing *United States v. Davis*, 306 F.3d 398, 421 (6th Cir. 2002); *United States v. Bencs*, 28 F.3d 555, 561 (6th Cir. 1994); and *United States v. Presser*, 844 F.2d 1275, 1280-84 (6th Cir. 1988)). Accordingly, Stephenson's *Brady*- and *Jencks*-related arguments are without merit as a basis on which to order disclosure of the informants at issue.

14

the identity of a confidential informant is privileged information the government is not required to disclose but held that "[w]here the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. In determining whether the privilege must give way, the Supreme Court directed courts to balance "the public interest in protecting the flow of information against the individual's right to prepare his defense" and explained that "[w]hether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62.

Citing *Roviaro*, the Sixth Circuit has held that "[m]ere invocation of this right does not automatically outweigh the public interest in protecting confidential informants." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992) (citing *Taylor v. Illinois,* 484 U.S. 400, 414 (1988)). Instead, "[a]n informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial." *Id.* It is a defendant's burden to demonstrate that disclosure will assist his or her defense, and "[a] defendant must provide *some evidence* that disclosure of the informant's identity would assist in his defense before disclosure will be warranted." *Id*; *United States v. Ray*, 803 F.3d 244, 274 (6th Cir. 2015) (emphasis added). A court may properly deny a defendant's request for disclosure of a confidential informant that is speculative or insufficiently detailed; "[m]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985) (quoting *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979)). *See also Moore*, 954 F.2d at 381-82 (finding that district court properly denied motion for disclosure of informant

15

where, among other things, defense counsel "advanced no more than a simple statement that [the informer]'s testimony might assist in his defense"). The decision as to whether to compel disclosure is within the district court's discretion. *Moore*, 954 F.2d at 381; *United States v. Jenkins*, 4 F.3d 1338, 1341 (6th Cir. 1993); *United States v. Doxey*, 833 F.3d 692, 706 (6th Cir. 2016).

With these authorities in mind and based on the Court's review of both the search warrants and Stephenson's motion, Stephenson's motion is largely the type of speculative and insufficiently detailed motion that other courts have denied. Though he averted in a perfunctory manner to the identities of the informants being relevant to the good faith of the officer, Stephenson made no argument as to why proof regarding the officer's good faith is relevant and helpful to his defense. Further, at least one of the conversations noted in the affidavit appears to be more geared toward providing probable cause to search the residences at issue than to support the charges against Stephenson in the instant case. The identity of an informant who is a mere tipster does not need to be disclosed. *See United States v. Shaffer*, 781 F. App'x 404, 411-12 (6th Cir. 2019); *Doxey*, 833 F.3d at 707-08; *United States v. Beals*, 698 F.3d 248, 269-70 (6th Cir. 2012). Stephenson does not sufficiently allege how at the second informant in this case was more than a mere tipster. As to the first and third informants, Stephenson's motion only contains speculation and generalities as to the helpfulness of those informants to his defense. His argument that the first informant is a "crucial material witness" does not sufficiently address whether the informant was the only such witness to those transactions, a relevant factor for the Court's consideration.

Nonetheless, Stephenson's arguments regarding disclosure of all three informants are premature. "Ordinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." *Perkins*, 994 F.2d at 1190. When a confidential informant will be called

16

to testify at trial, pretrial disclosure of his or her identity is unnecessary. *United States v. Brown*, No. 5:11-CR-00045-R, 2012 WL 693945, at *2 (W.D. Ky. Feb. 29, 2012) (citing *Perkins*, 994 F.2d at 1190-91; *United States v. Foster,* 815 F.2d 1200, 1203 (8th Cir. 1987); *United States v. Pennick,* 500 F.2d 184, 186-87 (10th Cir. 1974); *United States v. Brice,* No. 1:08-CR-00050, 2009 WL 2043554, at *1 (W.D. Ky. July 9, 2009)). Where a confidential informant will not testify at trial, a defendant may be entitled to that informant's identity upon a proper showing. *See, e.g.*, *Perkins*, 994 F.2d at 1190-91. This matter has not yet been set for trial, and the United States indicated in its response that it may call one or more of the confidential informants at trial. (DN 119, at PageID # 585.) Thus, the Court need not resolve this issue until closer to trial when the United States has determined which of the informants it is and is not going to call as witnesses. Stephenson's motion contains no argument to support that *Roviaro* mandates an earlier resolution of this issue.

Accordingly, Stephenson's Motion for Disclosure of Informants (DN 102) is **DENIED WITHOUT PREJUDICE** until trial is closer and the United States determines whether it intends to call any of the confidential informants whose identities Stephenson requested at trial.

**III.   ORDER**

Accordingly,

IT IS HEREBY ORDERED as follows:

(1) Stephenson's Motion to Strike Surplusage (DN 96) is **DENIED**.

(2) Stephenson's Motion for a Bill of Particulars (DN 97) is **DENIED**.

(3) Stephenson's Motion to Sever (DN 98) is **DENIED WITHOUT PREJUDICE**.

(4) Stephenson's Motion for Disclosure of Informants (DN 102) is **DENIED WITHOUT PREJUDICE**.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record

November 2, 2021